Filed 6/30/16  P. v. Hall CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>VINCENT HALL,<br><br>        Defendant and Appellant. | A147192<br><br>(City & County of San Francisco<br>Super. Ct. No. SCN205650) |

Vincent Hall (appellant) appeals from the trial court's denial of his petition to recall his sentence and to be resentenced under Proposition 36, the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.126[1].)[2]  Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file a

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

[2]Proposition 36 amended sections 667 and 1170.12 so that a 25 years to life prison term is applied only where the third strike offense is a serious or violent felony or the prosecution pleads and proves an enumerated factor. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)  It allows an inmate to petition to recall his sentence and be resentenced as a second strike offender where he is "presently serving an indeterminate term of imprisonment" and his "sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subds. (a), (b).)  An inmate is eligible for resentencing if none of his commitment offenses constitutes serious or violent felonies and none of the enumerated disqualifying factors applies. (§ 1170.126, subd. (e).)  Resentencing may nonetheless be refused if the trial court, in its discretion, determines that resentencing would "pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

supplemental brief and did not do so. Having independently reviewed the record, we conclude there are no issues that require further briefing, and shall affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 1, 2007, police inspector John Keane, acting undercover, purchased four oxycodone pills from appellant in exchange for $160 of marked city funds. Appellant was not arrested at the time because the purchase/sale was part of an ongoing narcotics investigation.

The next night, June 2, 2007, Jacob Lee and his friend Devin Marzullo went to the Tenderloin District in San Francisco to buy methadone pills. Lee watched as Marzullo came face to face with appellant, who was standing next to his bicycle. Although Lee could not hear the conversation between Marzullo and appellant, he saw an exchange between the two men take place. Marzullo, unarmed and with his hands by his side, did not make any aggressive gestures toward appellant. Appellant walked his bicycle to the wall of a nearby building and leaned the bicycle against the wall. Appellant then turned around, made a lunge forward, like a leap, and stabbed Marzullo in the chest as Marzullo was backing up. Lee did not see the knife in appellant's hand. After the stabbing, Marzullo's body jerked backward and blood squirted from the left side of his chest. Marzullo ran into the street and then turned around, quickly walked away, and collapsed on the street. Marzullo was taken to a hospital where he was pronounced dead.

Eleven days after Marzullo's murder, on June 13, 2007, appellant arranged another narcotics transaction with Keane, the same undercover inspector from the June 1, 2007 sale. Appellant approached Keane on a bicycle in the area of Jones and Turk Street— within one block of the stabbing—and sold four oxycodone pills to Keane in exchange for $160 of marked city funds.

The police arrested appellant after the second sale. As a marked police car approached, appellant got off his bicycle and threw on the ground a large plastic bag that contained 31 tablets of Percocet—another name for oxycodone—and seven capsules of oxycodone. After his arrest, appellant was found in possession of $160 in marked city funds, $1,772 in cash, a cell phone, and a pill bottle with his name on it containing 150

2

tablets of oxycodone.  An expert on street sales of oxycodone testified that the different types and large amounts of drugs found in appellant's possession on June 13, 2007 indicated possession for sale.

Appellant's two drug sales were charged in Case Number 2320553, and the murder of Marzullo was charged in Case Number 2342757.  The cases were consolidated in one information and tried together.  On February 4, 2009, a jury convicted appellant of second-degree murder and found true the allegation that he personally used a deadly and dangerous weapon in the commission of the murder (§§ 187, 12022, subd. (b)(1); count 1).  Thereafter, the jury returned verdicts on the drug charges, finding appellant guilty of one count of selling oxycodone on June 1, 2007 (Health & Safety Code § 11352, subd. (a); count 2), one count of selling oxycodone on June 13, 2007 (Health & Safety Code § 11352, subd. (a), count 3), and one count of possessing oxycodone for sale on June 13, 2007 (Health & Safety Code § 11351; count 4).  The jury was unable to reach a verdict on counts 5 and 6—possessing hydrocodone and codeine for sale on June 13, 2007—and the trial court declared a mistrial as to those counts.  Appellant waived his right to a jury trial on his priors.

At a bench trial on the issue of the priors, the trial court found appellant suffered three prior strike convictions under the Three Strikes law for kidnapping with the intent to commit robbery, robbery, and discharging a firearm at an inhabited dwelling or occupied building. (§§ 667, subds. (d) & (e); 1170.12, subds. (b) & (c); §§ 209, subd. (b)(1), 211, & 246).  The court also found appellant had one prior serious felony conviction for kidnapping with the intent to commit a robbery (§§ 667, subd. (a)(1), 209, subd. (b)(1)), and that he had served four prior prison terms for battery, kidnapping with the intent to commit a robbery, robbery, and the sale, furnishing, and administration of a controlled substance to a person in state custody (§§ 667.5, subd. (b), 243, subd. (c), 209, subd. (b)(1), 211, 4574, subd. (a)).

On the murder case, the trial court sentenced appellant to a total term of 53 years to life as follows:  15 years to life for second-degree murder (§ 187); one year for the deadly weapon enhancement (§ 12022, subd. (b)(1)); five years for the prior serious

felony conviction (§ 667, subd. (a)(1)); 30 years for the three prior strike convictions under the Three Strikes Law (§§ 667, subd. (d) & (e); 1170.12, subds. (b) & (c)); and two years for the prior prison terms (§ 667.5, subd. (b)). The murder and all four enhancements were ordered to run consecutively to one another. Shortly thereafter, the court sentenced appellant in the drug cases. On count 3, the court sentenced appellant under the Three Strikes Law (§ 1170.12) to 25 years to life. It sentenced him to concurrent five and four year terms, respectively, on counts 2 and 4 (Health & Safety Code §§ 11352, subd. (a), 11351), for a total term of 25 years to life. The 25 years-to-life sentence in the drug case was ordered to run consecutively to the 53 years-to-life sentence in the murder case, for an aggregate term of 78 years to life.

On November 5, 2014, appellant filed a petition under Proposition 36 to recall his Three Strikes sentence imposed in the drug cases. He argued he was eligible for resentencing because his drug convictions were neither serious nor violent, the crimes did not appear in sections 667, subdivision (e)(2)(C)(i)-(iii), and 1170.12, subdivision (c)(2)(C)(i)-(iii), (§ 1170.126, subd. (e)(2)), and he did not have a prior conviction for any offenses appearing in sections 667, subdivision (e)(2)(C)(iv), and 1170.12, subdivision (c)(2)(C)(iv) (§ 1170.126, subd. (e)(3)).

The People opposed the petition on the ground appellant was ineligible for resentencing because he was previously convicted of a homicide. (§§ 1170.126, subd. (e)(3), 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv).) The People argued that even if appellant were eligible, he should be denied relief because his criminal history and in-prison misconduct rendered him an unreasonable risk of danger to public safety. In support, the People submitted records from the California Department of Corrections and Rehabilitation (CDCR) containing, among other things, appellant's prison disciplinary history, criminal history record, and the reporter's transcript of the jury trial.

According to the CDCR records, appellant's criminal history dated back to 1986 and included battery (§ 242); battery on a correctional peace officer while in custody in a state prison (§ 243(c)); the sale/furnishing/administration of a controlled substance to a

person in state custody (§ 4574(a)); kidnapping with the intent to commit robbery (§ 209(b)(1)); robbery (§ 211); discharging a firearm in an inhabited dwelling or vehicle (§ 246); evading a peace officer (Veh. Code, § 2800.2); and second-degree robbery (§ 212.5, subd. (b)). Appellant's prison disciplinary record covering the period 1997 to 2014 showed he had been found guilty of 24 violent rules violations including: (a) 12 incidents of battery on a peace officer; (b) five incidents of attempted battery on a peace officer or non-prisoner (staff); (c) one incident of assault on a peace officer or non-prisoner (staff); (d) one incident of battery on an inmate; (e) two incidents of fighting another inmate; and (f) two incidents of mutual combat. There were serious rules violations for statements made to staff, and serious write-ups for distribution of a controlled substance and trafficking prescribed medication. Appellant had also been found in possession of contraband including a cell phone, controlled substances, weapons, syringes, pornography, money orders, and phone cards.

The defense presented appellant's medical records and his prison classification chronology showing he was currently considered to be "low risk."

At the hearing on the petition, the trial court determined appellant was eligible for a resentencing hearing. The court proceeded to hear evidence as to whether recalling and resentencing appellant would pose an unreasonable risk of danger to public safety by considering the factors set forth in sections 1170.126, subdivisions (g)(1) through (g)(3). Defense counsel argued, among other things, that the probative value of appellant's rule violations was low in light of the fact that the majority of them occurred between 1999 and 2004 and his institutional conduct had markedly improved. As for appellant's contraband rules violations, counsel noted appellant wears metal leg braces due to a crushed spine injury, and that the pills had been prescribed for his medical condition. Counsel argued that the verbal threats he made while in prison were acts of "disrespect without the potential for violence."

The People argued that the records showed a history of violent conduct preceding the murder. The People argued that appellant's criminal history was "remarkable and notable for its violence which began in 1986" and noted appellant had served prior prison

5

terms, had committed crimes while in prison, and had committed the instant underlying crimes while on parole. The People summarized appellant's violent conduct and threats to staff while in custody, concluding, "Defendant has had an unevaded [sic] history of criminality both inside and outside of prison." The People argued that appellant's spinal injury/medical condition was not a mitigating factor because the injury occurred in the 1990s and had not precluded him from committing murder.

The trial court considered the nature of appellant's crimes and his criminal conviction history, which it found reflected an increasing tendency to greater acts of violence. The court considered the extent of injuries to his victims, the length of his prior prison commitments, and the remoteness of the crimes. The court found appellant's criminal activity in the homicide case was the result of his drug dealing enterprise. The court also considered appellant's prison disciplinary record and noted there was no record of any rehabilitative activities. The court found there was no persuasive evidence that appellant's medical condition diminished his propensity for violence. The court found that resentencing appellant would result in an unreasonable risk of danger to public safety, and denied the petition.

## DISCUSSION

Appellant's counsel has filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and asks this court to independently review the entire record to determine if it contains any issues which would, if resolved favorably to the appellant, result in reversal or modification. A review of the record has disclosed no reasonably arguable appellate issue, and we are satisfied that counsel has fully complied with her responsibilities. (*Ibid*.; *People v. Kelly* (2006) 40 Cal.4th 106.) The trial court did not err in denying appellant's Proposition 36 petition. Appellant was adequately represented by counsel at every stage of the proceedings. There are no issues that require further briefing.

## DISPOSITION

The judgment is affirmed.

6

 

                     _____

                     McGuiness, P.J.

We concur:

_____

Siggins, J.

_____

Jenkins, J.